## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Anthony Ford, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No: 17 C 50125 |
| | ) | |
| Illinois Department of Veterans Affairs, | ) | |
| | ) | |
| *Defendant*. | ) | Judge Frederick J. Kapala |

### ORDER

Defendant's motion to dismiss [7] is denied.

### STATEMENT

     Pro se plaintiff, Anthony Ford, has brought this employment discrimination action alleging that defendant, Illinois Department of Veterans Affairs, failed to hire him because of his age and race in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., respectively. Defendant has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) contending that plaintiff has pleaded himself out of court by alleging that defendant failed to hire him based on a non-discriminatory reason.

     In his complaint, plaintiff alleges that his race is black and that he is 46 years old. Plaintiff also alleges that, as a returning State of Illinois Employee, he was qualified to perform and applied for a maintenance equipment operator position with defendant but was not hired because of his race and/or age. In particular, plaintiff alleges that "[s]imilarly situated applicants whose races are not black [or who are significantly younger] who have also applied for reinstatement to a State of Illinois employment position, were not denied reinstatement or rehiring." Plaintiff further alleges that defendant's Human Resources Assistant, Sarah Ott, "indicated that [plaintiff] was not being hired for reinstatement with their agency because they have not received approval for reinstatement by the Department of Central Management Services [CMS]."

     It is this last allegation that defendant maintains is a concession by plaintiff that the reason he was not hired was non-discriminatory. The court does not read this allegation as a concession of that fact. While it is true that plaintiff has not affirmatively stated that the reason given by Ott was a pretext for discrimination, he uses the word "indicated" and therefore has not affirmatively plead that the stated reason was true. In his response, plaintiff has now stated clearly that "[t]he reasons given by Ott were false, phony and a lie." Additional facts can be presented in a response to a Rule 12(b)(6) motion if they are "consistent with the complaint." Flying J Inc. v. City of New Haven, 549 F.3d 538, 542 n.1 (7th Cir. 2008). This new allegation is consistent with the allegations in the

complaint and the court sees no reason to dismiss the complaint only to allow amendment with this affirmative allegation.

      Defendant has also argued that even if the new allegations are accepted as true plaintiff has still plead himself out of court because he has not alleged that defendant was aware that CMS denied his reinstatement for "phony" reasons.  This argument is also without merit because it assumes that plaintiff is alleging that CMS's statement was false.  But plaintiff has alleged that defendant's stated reason given by Ott was untrue.  Therefore, the motion to dismiss is denied.

Date: 9/5/2017

ENTER:

_____

FREDERICK J. KAPALA

District Judge